**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| SINCLAIR BROADCAST GROUP, INC., | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: MJG-03-341 |
| MICHAEL DRAMAN, | * | |
| Defendant | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MOTION OF SINCLAIR BROADCAST GROUP, INC.**
**TO PERMIT THE FILING OF DEFENDANT'S ADMISSIONS**
**AS A SUPPLEMENT TO THE RECORD**

Plaintiff, Sinclair Broadcast Group, Inc. ("SBG"), by and through its undersigned counsel, moves pursuant to Fed.R.Civ.P. 7(b) and Fed.R.Civ.P. 56(c) for an order permitting SBG to supplement the record on summary judgment by filing admissions by Defendant, Michael Draman ("Draman"), and for reasons states the following:

1.      In its reply memorandum in further support of summary judgment, SBG noted that Draman did not controvert the sworn facts set forth in SBG's motion for summary judgment. Now Draman had <u>admitted</u> those facts. Rule 56(c) provides in pertinent part that summary judgment shall be entered forthwith if, among other evidence, the "admissions on file" show there is no genuine dispute as to a material fact. SBG asks that the Court permit the filing of Draman's admissions and that the Court consider them as further evidence that there is no genuine dispute of material fact.

2.      SBG served Plaintiff's First Requests for Admission (the "Requests for Admission") upon Draman on April 3, 2003, by hand delivery. SBG filed its Notice of Service of Discovery electronically as Document No. 12.

3.     Draman was required to serve answers to the Requests for Admission no later than Monday, May 5, 2003. *See* Fed.R.Civ.P. 36(a)(matters deemed admitted unless response served within 30 days); Fed. R. Civ.P. 6(a)(time for serving response extended to following Monday when a deadline falls on a Saturday); *see also* Local Rules Appendix A, Guideline 8(a) (local rules do not modify the time limits prescribed by the Federal Rules).

4.     Draman has not served answers to the Requests for Admission. The matters set forth in the requests are now "conclusively established" for purposes of this lawsuit. Fed R. Civ.P. 36(b). The matters admitted are as follows:

## REQUESTS

1.     You [Draman] entered into a NationsBank Premium CreditLine$^{sm}$ Agreement and Disclosure Statement dated as of May 8, 1997 with NationsBank, N.A. (the "CreditLine Agreement") establishing a line of credit, Account No. 00519940142496 (the "Account").

2.     A true and accurate copy of the CreditLine Agreement is attached to the Complaint as Exhibit 1.

3.     NationsBank, N.A. ("NationsBank") made certain advances to you on the Account pursuant to the terms of the CreditLine Agreement.

4.     A true and accurate copy of the Account Transaction History as of October 28, 2002 with respect to the Account is attached to the Complaint as Exhibit 2 (the "Account Transaction History").

5.     The Account Transaction History accurately and completely identifies the transactions relating to the Account as of October 28, 2002, including balance advances, interest, payments and fees.

6.     Under the terms of the CreditLine Agreement, you were required to make timely Total Minimum Payments Due on the Account, as the term "Total Minimum Payments Due" is defined in the CreditLine Agreement.

7.     As is set forth on the Account Transaction History, in or about June 2002 you ceased making payments in connection with the CreditLine Agreement, including any Total Minimum Payments Due.

8.     The last payment you made in connection with the CreditLine Agreement was the June 6, 2002 payment reflected in the Account Transaction History.

9.     On or about November 19, 2002, NationsBank gave notice to you pursuant to the terms of the CreditLine Agreement that you were in default of your obligations with respect to the CreditLine Agreement and the Account and declared the entire balance of the Account immediately due and payable.

10.     A true and accurate copy of NationsBank's November 19, 2002 notice to you is attached to the Complaint as Exhibit 3.

11.    By a Loan Sale Agreement dated as of December 16, 2002 (the "Loan Sale Agreement"), SBG purchased all of NationsBank's interest in the CreditLine Agreement and the Account.

12.    A true and accurate copy of the Loan Sale Agreement is attached [to the Requests for Admission].

13.    SBG has succeeded to all of NationsBank's rights and interests in connection with the CreditLine Agreement and the Account.

14.    The CreditLine Agreement provides, *inter alia*, that you must pay SBG (as successor to NationsBank) the principal and interest due pursuant to the CreditLine Agreement and the Account Transaction History, plus additional interest from October  28, 2002 until the Account is paid in full, plus a Late Payment Fee of 5% of Total Minimum Payments Due after October 28, 2002, plus a reasonable attorneys' fee of 15%, or such higher amount as the Court may deem reasonable, plus all other costs of collection, plus court costs.

15.    As of December 19, 2002, the outstanding principal, interest and late payment fees for the Account totaled $201,910.69.

16.    The Statement of Damages attached [to the Requests for Admission] is a true and accurate calculation of the amounts you owe as of April 4, 2003 in connection with the CreditLine Agreement and the Account.

Requests for Admission at 1-3.

5.    SBG filed its reply memorandum in further support of summary judgment before Draman's deadline for answering the Requests for Admission.  When SBG filed its reply memorandum, Draman had not responded to the Requests for Admission.  Local Rule 104(5) provides that written discovery such as admissions "shall not be filed with the Court."  SBG therefore asks the Court to permit SBG to file a copy of the Requests for Admission as new evidence further supporting the motion for summary judgment.

WHEREFORE, Plaintiff, Sinclair Broadcast Group, Inc. asks that the Court order that the admissions by Defendant, Michael Draman, be filed as a supplement the record on summary judgment.

_____/S/_____
Severn E. S. Miller, Fed. Bar No. 11617
THOMAS & LIBOWITZ, P.A.
Suite 1100
100 Light Street
Baltimore, Maryland  21202
Voice: (410) 752-2468
Fax:    (410) 752-2046

Attorney for Plaintiff,
Sinclair Broadcast Group, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of May, 2003, a copy of the foregoing

Motion of Sinclair Broadcast Group, Inc. to Permit the Filing of Defendant's Admissions as a

Supplement to the Record and a copy of the proposed Order were filed electronically pursuant to

the stated e-filing procedures of this Court.  Pursuant to those procedures, all other counsel are to

receive copies electronically via the Court's e-filing system.

_____/S/_____
Severn E. S. Miller